Parker, J.
The question in this case is whether the facts reported by the judge who sat in the trial of the * action, were legal and sufficient evidence to maintain the issue on the part of the defendant, viz., that he owes nothing, or, in other words, whether they prove payment and satisfaction of the judgment. As it respects the defendant, he has paid nothing, and although the plaintiff has received a sum equal to the amount of his judgment, we do not see how the defendant can avail himself of 'that sum, to discharge himself from his liability on the judgment. The suit against the sheriff was not for the debt, but for damages for his non-performance of his duty; and only nominal damages might have been recovered, had it appeared that nothing had been lost by the negligence of the officer. Had that suit, therefore, proceeded to judgment and execution, it would have *128 been no legal discharge of the original debtor from the judgment recovered against him.
It is true that the plaintiff may receive his debt twice, if he should recover against the sheriff the full amount of his judgment; but the debtor pays but once, so that he is not injured. Whether an officer, having been sued for his negligent doings on an execution, and having paid the amount of the debt in damages, may not maintain an equitable action against the creditor, provided he afterwards obtains his money from the debtor, is a question between the creditor and the officer, not necessary to be settled here.
No authority has been cited, and I believe none can be found, to show that the recovery of damages against a delinquent officer, by the creditor, operates a discharge of a judgment against the debtor. It is very clear, however, that an officer, under such circumstances, could not maintain an action against the debtor; for he would be obliged to found his claim upon his own failure of duty.
It is stated, in this case, that this suit is brought for the benefit of the officer, the debt having been assigned to him on his compromise of the suit brought against his principal by the creditor. Such an assignment may be perfectly equitable between the officer and the creditor. Many cases exist, where a sheriff or bis deputy becomes liable * through misfortune or accident, rather than from wilful neglect of duty; and in such
cases there seems to be no good reason why the creditor, who receives prompt satisfaction from the officer, should not aid him in obtaining an indemnity from the debtor, who can have no cause of complaint, since he can in no event be made to pay more than his debt. Indeed, the knowledge that the suit is brought for the purpose of restoring to the officer what he may have lost through carelessness, or (as it often happens) from his humanity towards the debtor, ought not to prejudice the suit. It may be the means of restoring all the parties to their rights without injustice to any one of them. Such an assignment being voluntary, there is no danger of protecting fraudulent or criminal officers from the just effects of their own misconduct.
There are some facts which render the case less favorable to the officer, if he were the party whose rights we could respect in law, than in other cases which may exist. It is stated that the debtor paid a hundred dollars to Thompson, who owed him enough, with that sum, to discharge this execution; and that the officer agreed to look to Thompson, and afterwards, at his request, omitted to serve the execution. This, however, cannot come into consideration, in the present case, between the judgment creditor and debtor. *129 It is a matter to be settled between the officer and the debtor. 11 does not, however, appear that the officer had acquired any legal claim upon Thompson; or that he could ever, in any way, compel Thompson to pay. If he could, perhaps the payment to Thompson might be considered as made to the use of the officer, and so ought to be considered as going in satisfaction of the judgment. The defendant has, however, a just and legal claim against Thompson, which he might at any time have enforced; and he may still enforce it, if he has not lost his remedy by negligence.
The effect of this action, therefore, is to restore all things to their proper place. The debtor, who has paid nothing,' is compelled to satisfy a judgment long since * obtained against him; the officer will be restored to the money he has paid for the debtor; and the latter may recover of Thompson the money paid to him, and the debt he owes him. There is no legal defence to the action, and no equitable principles to excite a regr.et that the plaintiff’s present claim can be enforced. The verdict must therefore be set aside, and a new trial be granted, (a)

 [In Sherman vs. Boyce, (15 Johns. Rep. 443,) it was held that if an officer, having an execution, pays the amount to the plaintiff, with his own money, or with money-raised by the defendant and the officer on their joint credit, the judgment is satisfied, and the officer cannot afterwards enforce the execution against the defendant for his own indemnity, notwithstanding an agreement between them that the execution should continue in full force in the hands of the officer, — Ed.]